UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAMES AARON PAGE | CIVIL ACTION NO. 14-cv-2742 |
| VERSUS | JUDGE WALTER |
| CAPTAIN TOFFTAN, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

James Aaron Page ("Plaintiff"), who is self-represented, filed this civil rights action against officials at the Claiborne Parish Detention Center. He alleges that the Defendants sprayed him with mace and subjected him to physical force without justification. Plaintiff was twice told in writing that he must keep the court informed of his current address, and he was warned that failure to do so could result in the dismissal of his case. Plaintiff has failed to comply with the address requirement. For the reasons that follow, it is recommended that Plaintiff's complaint be dismissed.

**Relevant Facts**

Plaintiff was housed at the Riverbend Correctional Center when he filed his complaint in September 2014 and alleged that he had been mistreated while housed at the Claiborne Parish Detention Center. He alleged that Captain Tofftan sprayed him in the face with mace while Plaintiff's hands were cuffed behind his back and, when Plaintiff turned his head, Tofftan sprayed mace directly into Plaintiff's ear canal. Plaintiff also alleged that Warden

Headgmen stepped out of his office, as Plaintiff was being taken to the medical department, and hit Plaintiff in the chest and slammed him into the wall. Lt. Brown tightly held Plaintiff's cuffs against his back during that attack.

Plaintiff alleged that his ear was rinsed with eye wash, but the nurse refused to give him pain medication. Plaintiff alleged that he was then placed in segregated housing where, for five days, he asked to see a doctor because his ear was hurting and he could not eat or sleep. His only relief was eardrops brought by a nurse, but they did not help. Plaintiff alleged that the shift captains refused to speak to him or provide grievance forms, and Lt. Brown even threatened to spray Plaintiff again when he begged for help.

Plaintiff was transferred to the Riverbend Detention Center several days after the incident, and he was then examined by a physician. Plaintiff alleged in his complaint that his right ear was found to be infected, and the infection had spread to his left ear. He was prescribed medication, but he continued to suffer from damage to his ear and hearing loss.

The complaint form used by Plaintiff included a declaration, which Plaintiff signed. The first statement in the declaration is: "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed." Plaintiff complied with that requirement when, the month after he filed suit, he sent a notice of change of address (Doc. 5) that he had moved to the East Baton Rouge Parish work release program. Plaintiff responded to a request that he provide additional information in the form of an amended complaint, and in January 2015 he notified

the court (Doc. 9) that he had moved to the Pointe Coupee Parish Detention Center. He again notified the court in March 2015 (Doc. 10) that he had returned to the Riverbend Detention Center. Finally, in September 2015, Plaintiff sent notice (Doc. 13) that he had moved to the Bossier Parish Medium Security Facility. Plaintiff wrote a letter (Doc. 17) from that facility in January 2016 and mentioned that he would be leaving in 173 days after completing his sentence.

The court issued an order (Doc. 19) in April 2016 and directed Plaintiff to provide service papers for the marshal to serve on Defendants. The order concluded with this paragraph: "All parties shall have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address. Failure to do so shall be considered grounds for dismissal or other appropriate sanctions." Plaintiff provided the requested service papers, and Defendants soon filed an answer.

Defense counsel filed in August 2016 a Motion to Stay (Doc. 24), in which counsel reported that he telephoned the Bossier Medium Security Facility on August 1, 2016 to schedule a deposition of Plaintiff, only to be informed that Plaintiff had been released, for time served, on July 21, 2016. Defense counsel stated that he did not have a current address or contact information for Plaintiff, so he was unable to complete discovery or other steps in the litigation.

The court issued an order (Doc. 25) that vacated the scheduling deadlines until Plaintiff provided a current address. The order stated that if Plaintiff did not provide a

current address within 30 days of the mailing of the order, the case would be subject to dismissal for failure to prosecute. That order was mailed on August 10, 2016. The postal service returned the copy of the order that was mailed to the Bossier facility. Plaintiff has not, in the more than 75 days that has passed, provided an updated address or submitted any other filing to the court.

**Analysis**

The complaint form signed by Plaintiff and the service order issued by the court gave clear instructions that Plaintiff had an obligation to keep the court informed of his current mailing address. The instruction in the complaint form and the order were consistent with the command of Local Rule 11.1 that: "Each attorney and pro se litigant has a continuing obligation to apprise the court of any address change." See also Local Rule 41.3 (authorizing dismissal when notices are returned for reason of an incorrect address and no correction is made within 30 days).

The court has no idea of Plaintiff's current address, as he has failed to keep the court apprised of it as required by the court's order and local rule. Perhaps Plaintiff has lost interest in the case since his release from custody, which is not uncommon, or he has merely been negligent in looking after his affairs. In any event, the court need not expend resources on a case in which it has no means of contacting the plaintiff or obtaining the plaintiff's participation in the litigation. Dismissal without prejudice for failure to prosecute is

warranted. Honore v. Christian, 2005 WL 1330152, *3 (W.D. La. 2005); St. Juniors v. Burgess, 2016 WL 4368230 (E.D. La. 2016).

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of October, 2016.

Mark L. Hornsby
U.S. Magistrate Judge